IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BERTIE S. ROYALL,**

      **Plaintiff,**

vs.                                                                                                                              Civ. No. 01-1055 WWD

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

    1.    This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for a Rehearing ("Motion"), filed July 1, 2002 **[Doc. 10]**. Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for a period of disability, disability insurance benefits, ("DIB") and supplemental security income ("SSI"). Plaintiff alleges a disability which commenced December 17, 1993, arising from a mental disorder, left shoulder impingement syndrome, osteoarthritis of thumbs, shoulders and knees, chronic upper and lower back pain, bilateral foot pain, and asthma. Tr. at 98. Plaintiff claims that she is prevented from working because the chronic pain in her back, shoulders, knees and feet has worsened, and she has become more depressed and anxious. Id.

    2.    Plaintiff applied for benefits on February 19, 1998. Tr. at 242, 393. After conducting an administrative hearing, the Commissioner's Administrative Law Judge ("ALJ") issued a decision on July 28, 1999 denying Plaintiff's application. Tr. at 20. On August 10, 2001, the Appeals Council denied Plaintiff's request for a review, thus rendering the ALJ's decision the final

decision of the Commissioner. Tr. at 9. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

3. Plaintiff's date of birth is January 21, 1944. Tr. at 40. Plaintiff has completed eighth grade and has worked in the past as a prep cook, service station attendant and cashier. Tr. at 478, 90-93. The ALJ concluded that Plaintiff is not disabled because she "retains the ability to perform her former job as a cashier," tr. at 27, "as well as other kinds of jobs in the regional and national economy," tr. at 28.

4. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482 (10th Cir. 1993) (citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

6. Plaintiff raises the following allegations of error with respect to the ALJ's decision: (1) The ALJ's finding that Plaintiff's mental impairment does not render her disabled is contrary to the evidence and the law, (2) The ALJ's RFC finding is contrary to the evidence and the law, and (3) The ALJ's credibility finding is not supported by substantial evidence and is contrary to law. Pl.'s Mem. in Support of Mot. at 3 **[Doc. 11]**.

7. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson, 987 F.2d at 1486 (citing 42 U.S.C. §423 (d)(1)(A)); see also 42 U.S.C. § 1382c(a)(3)(A). Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing

disability applications. Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. Id. (citations omitted).

8. At the first four levels of the evaluation, the claimant must show: (1) that he or she is not working; (2) that he or she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that he or she is unable to perform work done in the past. At step five, the burden shifts to the Commissioner to show that the claimant has a residual functional capacity ("RFC") to do work in the national economy other than past relevant work. Thompson, 987 F.2d at 1487 (citations omitted).

### *Third Alleged Error - Credibility Finding*

9. I address the ALJ's credibility determination first, because it influences his assessment of impairment at other steps in the analysis. See, e.g., 20 C.F.R. § 404.1525(c) (symptoms, signs and laboratory findings included in confirming existence of listed impairments); Social Security Ruling ("SSR") 96-8p (providing that the RFC assessment must be based on all of the relevant evidence in the case record, including pain symptoms).

10. The ALJ addressed Plaintiff's credibility at two points in his decision. First, in finding no. 5, the ALJ stated that while Plaintiff has symptom-producing medical problems, "her testimony and other evidence do not credibly establish symptoms or functional limitations to the extent alleged."[1] Tr. at 23. Second, in finding no. 6, the ALJ again indicated that he "d[id] not

---

[1] In the remainder of finding no. 5, the ALJ recounted some of the Plaintiff's testimony and listed factors to consider in determining a claimant's RFC. Tr. at 23.

find [Plaintiff's] allegations of disability to be fully credible." Tr. at 26. That statement is followed immediately by the ALJ's conclusion that Plaintiff "maintains a relatively normal and active lifestyle" and a description of the activities which Plaintiff performs. Tr. at 27. The ALJ then stated that Plaintiff described her treatment regimen of trigger point injections and methadone "as effective," and concluded that Plaintiff's "actual activity level is generally consistent with light work activity." Id.

11.  "Credibility determinations are peculiarly the province of the finder of fact and [the Court] will not upset such determinations when supported by substantial evidence." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (cited in McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002)). However, the ALJ's "decision must contain specific reasons for the finding on credibility [and must be] supported by the evidence in the case record." SSR 96-7p; Houston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988) (credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings"). Moreover, the ALJ must explain why the specific evidence relevant to each factor led him to conclude that claimant's subjective complaints were not credible. Kepler v. Chater, 68 F.3d 387 (10th Cir. 1995).

12.  Here, the ALJ's credibility determination lacks a discussion of the specific evidence upon which he relies. For example, the ALJ did not explain what part of the Plaintiff's testimony he did not believe; nor did he point out relevant evidence to support his findings. See, e.g., McGoffin, 288 F.3d at 1254 (finding that the ALJ did not "explain and support with substantial evidence which of [the claimant's] testimony he did not believe and why"). The ALJ's statement regarding the Plaintiff's credibility, followed by a discussion of the Plaintiff's activities, suggests

4

that the ALJ may have discounted Plaintiff's credibility, at least in part, based on a review of the Plaintiff's activities of daily living ("ADLs").  However, the ALJ did not explain why the specific evidence relevant to this factor led him to conclude that some of the Plaintiff's allegations were not credible.  See, e.g., SSR 96-7p (noting that the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight").  Because the ALJ failed to make specific findings as required, the credibility determination is not supported by substantial evidence.

13.  Moreover, I do not find any support in the record for the ALJ's conclusion that Plaintiff found her treatment regime to be "effective."  At the hearing, the Plaintiff testified that trigger point injections "ease [the pain] to the point [that] . . . I get somewhat of a relief for three or four days."  Tr. at 484.  Similarly, Plaintiff stated that methadone "helps to a point," but that her physician does not want to use higher doses in order to avoid addiction.  Tr. at 489.  Without an inquiry into the meaning of the Plaintiff's description of pain relief as "somewhat" and "to a point," this testimony does not support a conclusion that the Plaintiff finds her treatment "effective."  Accordingly, the ALJ's conclusion based on this testimony does not constitute substantial evidence to support a finding of noncredibility.

14. For the reasons set forth above, this matter should be remanded for a re-determination of the Plaintiff's credibility and to set out specific findings and reasons for accepting or rejecting the Plaintiff's testimony.  The Court does not dictate any result upon remand, nor does it mean to imply that Plaintiff's testimony is necessarily credible.  The Court requires only that the ALJ's

findings be sufficiently specific and supported by substantial evidence in the record.  The ALJ should proceed as necessary in light of any new findings with respect to Plaintiff's credibility.

### *First and Second Alleged Errors - Residual Functional Capacity and Mental Impairment*

15.  The RFC analysis at step four has three phases: (1) the ALJ must evaluate a claimant's physical and mental residual functional capacity relating to a claimant's ability to work on a regular and continuing basis; (2) the ALJ must determine the physical and mental demands of the claimant's past relevant work; and (3) the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one.  Winfrey v. Chater, 92 F.3d 1017, 1023  n.4   (10th Cir. 1996).

16.  I find that where, as here, the ALJ's credibility assessment is seriously flawed, the resultant RFC assessment can not stand.  Thus, remand is necessary not only to conduct a proper credibility inquiry, but to conduct another RFC inquiry as well.  See, e.g., 20 C.F.R. §§404.1545 & 416.945 ("Residual functional capacity is an assessment based upon all of the relevant evidence.");  SSR 96-8p (noting that the effects of symptoms, including pain, must be considered in evaluating residual functional capacity).

17.  Because an RFC analysis includes an evaluation of the claimant's physical and mental capacities, the ALJ shall re-evaluate the effect of Plaintiff's mental impairment on her RFC as part of the RFC inquiry on remand.  Consequently, I find it unnecessary to specifically address the ALJ's finding regarding Plaintiff's mental impairment.  However, I note that, in his decision, the ALJ did not address a report of Gerald Fredman, M.D., dated December 29, 1995 and an opinion of Jeanne Bereiter, M.D., dated February 29, 1996, with respect to Plaintiff's mental impairment.

See tr. at 137, 143. Thus, on remand, an assessment of Plaintiff's RFC should include a consideration and discussion of this evidence.

      WHEREFORE,

      IT IS ORDERED that Plaintiff's Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for a Rehearing **[Doc. 10]** is granted, and this matter is remanded for further proceedings consistent with this opinion, to include:

(A)    a re-determination of Plaintiff's credibility;

(B)    a re-assessment of Plaintiff's RFC, to include a consideration and discussion of the report of Gerald Fredman, M.D., dated December 29, 1995 and the opinion of Jeanne Bereiter, M.D., dated February 29, 1996 regarding Plaintiff's mental impairment; and

(C)    additional proceedings, if required, in light of new or changed findings resulting from the above proceedings.

                                                    _____
                                                    UNITED STATES MAGISTRATE JUDGE